## IN THE SUPERIOR COURT OF GUAM

LUIS P. FLORES and SYLVIA GUERRERO FLORES,

              Plaintiff,

vs.

CHRIS BRUB, TG ENGINEERS, P.C.,
TOR GUDMUNDSEN, P.E. and
THE GOVERNMENT OF GUAM,

              Defendants.

CIVIL CASE NO. CV1894-10

DECISION AND ORDER
(Defendant's Motion to Dismiss)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 13, 2014, on Chris Brub's ("Defendant Brub") Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Defendant Brub was represented by Attorney Gary W. F. Gumataotao. Plaintiffs Luis P. Flores and Sylvia Guerrero Flores ("Plaintiffs") were represented by Attorney Phillip Torres. Following the hearing, the Court took the matter under advisement. Upon review of the written and oral arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

On November 22, 2010, Plaintiffs filed a Complaint for Fraud against Defendant Brub. On December 2, 2010, Plaintiffs filed an Amended Complaint against Defendant Brub, Defendant TG Engineers, P.C., Defendant Tor Gudmundsen, P.E. and Defendant Department of

Page 1
CV1894-10: Flores v. Brub
Decision & Order: Motion to Dismiss


**ORIGINAL**

Land Management. On December 9, 2010 Plaintiffs filed a Second Amended Complaint against Defendant Brub, Defendant TG Engineers, P.C., Defendant Tor Gudmundsen, P.E. and Defendant Government of Guam. Defendant Government of Guam filed its Answer to Plaintiff's Second Amended Complaint on January 19, 2011. Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. filed their Answer to Plaintiffs' Second Amended Complaint and Cross-Claim Complaint against Defendant Brub on January 31, 2011. Defendant Brub filed an Answer to Plaintiffs' complaint on June 21, 2011 as a pro se defendant. On November 4, 2011, Defendant Brub, represented by Attorney Peter F. Perez, filed an Answer and Counterclaim to Plaintiffs' Second Amended Complaint and Third Party Complaint to Third Party Defendant Casey Flores. In addition, Defendant Brub also filed that same day, an Answer to Cross-Claims by Defendants/Cross-Claimants TG Engineers, P.C. and Tor Gudmundsen, P.E. On November 7, 2011 Defendant Brub filed an Amended Answer to Cross-Claims by Defendants/Cross-Claimants TG Engineers, P.C. and Tor Gudmundsen, P.E. Defendant Brub filed an Amended Answer and Counterclaim to Plaintiffs' Second Amended Complaint and Third Party Complaint to Third Party Defendant Casey Flores on November 7, 2011. Plaintiffs filed a Reply to Counterclaim and Answer to Third Party Complaint on January 4, 2012. On March 1, 2012 Defendant Brub filed a Request to Enter Default of Casey Luis Castro aka Casey Flores and eight days later, on March 9, 2012 Defendant Brub filed an Entry of Default. On May 31, 2012 Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. filed a Notice of Taking Deposition Upon Oral Examination for Casey Castro. On November 21, 2012 Plaintiffs filed an Opposition to Defendants' Motion to Compel Attendance at Deposition Re: Casey Castro. On November 28, 2012 Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. filed their Reply in Support of Motion to Compel Attendance at Deposition. From May 2012 to

November 2012, Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. have filed multiple requests to depose Third Party Defendant Casey Luis Castro aka Casey Flores.

On November 7, 2012 Plaintiffs filed an Opposition to Defendant Brub's Motion for Entry of Default Judgment Against Third-Party Defendant Casey Luis Castro aka Casey Flores. On November 14, 2012 Defendant Brub filed a Reply to Opposition to Motion for Entry of Default Judgment. On April 23, 2013, following a Scheduling Conference, the Court issued its Scheduling Order, with a bench trial set for August 12, 2013. On August 2, 2013, Defendant Brub filed a Notice of Bankruptcy and intent to switch from Attorney Peter F. Perez to Attorney Gary Gumataotao. On September 17, 2013 Defendant Brub filed a Notice of Chapter 7 Bankruptcy in the US Bankruptcy Court, District Court of Guam. On September 30, 2013 Defendant Brub filed a Discharge of Attorney and Substitution of Defendant in Propria Person. At a Further Proceedings before the Court on November 7, 2013 the bench trial was moved to March 13, 2014 due to Defendant Brub's Bankruptcy proceedings. Defendant Brub represented himself as a pro se defendant for about six months, until March 12, 2014 when Attorney Gary Gumataotao filed an Entry of Appearance on behalf of Defendant Brub.

On March 12, 2014, Defendant Brub filed a Motion to Dismiss ("Mot."). On March 13, 2014, Plaintiffs and Defendant Brub filed a Notice of Order Lifting the Stay in Bankruptcy, allowing the instant action against Defendant Brub and the other Defendants to proceed. On April 9, 2014, Defendant TG Engineers, P.C. and Tor Gudmundsen, P.E filed a joinder in Defendant Brub's Motion to Dismiss. On April 11, 2014, Plaintiffs filed their Opposition to Defendant Brub's Motion to Dismiss ("Opp'n Mot."). The Court heard oral arguments on May 13, 2013 and took the matter under advisement.

///

## DISCUSSION

### I. Untimely Prosecution

Administrative Rule 06-001, known as the "time rule," urges all civil cases to be concluded within eighteen months of the date filed. *See Supreme Court of Guam Administrative Rule 06-001,* Regarding Case Management & Disposition Within the Superior Court of Guam Pursuant to Public Law 28 137:1, p.4.[1] "The purpose of this Rule is to provide...a procedural framework for the efficient dispatch of the Superior Court's business." *See Administrative Rule 06-001.* The statute under which the time standards are promulgated, 7 GCA § 4101(e) Enactment of Rules on Case Management and Disposition, empowers the Supreme Court to exercise a supervisory power over the Superior Court's docket management. In short, the time standards are internal administrative instructions designed to facilitate efficient judicial branch operations. Defendant Brub urges the Court to treat this rule as a hard and fast deadline that if exceeded, warrants immediate dismissal under Guam Rules of Civil Procedure ("G.R.C.P.") Rule 41(b). Because the instant case was filed in 2010, it falls within the time standards imposed pursuant to Administrative Rule 06-001. Administrative Rule 06-001 set out an aspirational goal that the courts strived to meet as opposed to recent changes set out in Administrative Rule 13-003. Therefore, the Court will not treat the rule as a hard and fast deadline but it will take the merits under consideration whether the exceeded eighteen month case age warrants dismissal under G.R.C.P. Rule 41(b) as discussed below.

///

---

[1] AR06-001 was adopted on 9/15/06 regarding both "under advisement" and "case age" time standards pursuant to 48 USC 1424-1(a)(4) and (6), and as mandated by Title 7 GCA §4101(e) (as repealed and re-enacted by Public Law 28-137:1.) This rule was amended by AR13-003 which was adopted on 5/13/13. AR06-001 shall be in effect as of 9/1/13. Cases already in existence as of that date shall remain subject to the AR06-001 case age time standards, except those cases which are reassigned to a new judge after that date.

## II.    G.R.C.P Rule 41(b)

According to G.R.C.P. Rule 41(b), when the plaintiff fails to "prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." *See G.R.C.P. Rule 41(b.)* Since the G.R.C.P. does not define when a "failure to prosecute" is appropriate under Rule 41(b), the Supreme Court of Guam looked to the Ninth Circuit for guidance.   The factor test the Supreme Court of Guam found to determine the "failure to prosecute" are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *See Santos v. Carney*, 1997 Guam 4 ¶ 5 (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)). The Plaintiffs have the burden to show that the delay is reasonable and that Defendant Brub has not suffered prejudice due to the delay. *Id.* at ¶ 5.  If the Plaintiffs show reasonable excuse then the burden shifts to the defendant who must then demonstrate prejudice. *Id.* at ¶ 5.

The *Santos* Court considered the first two factors together. *Id.* at ¶ 7 ("The docket management factor is ordinarily considered in conjunction with the public's interest in the expeditious resolution of litigation in determining whether there was unreasonable delay."). In this instant case, Plaintiffs filed their first complaint against Defendant Brub on November 22, 2010. In the course of the litigation, Plaintiffs have added and dropped defendants.   Defendants TG Engineers, P.C., and Tor Gudmundsen, P.E. have filed a cross complaint on Defendant Brub.  Defendant Brub answered Plaintiffs' complaint twice.  In addition, Defendant Brub filed a cross-claim against Defendants TG Engineers, P.C., and Tom Gudmundsen, P.E., as well as a Third Party Complaint against Third Party Defendant Casey Flores.

The record reflects the complexity of the number of Defendants, cross-claims, and Third-Party Defendant. The added complexity contributes to additional motion filings, objections, and replies. The Court recognizes the effort from Plaintiffs to move the case along. With that said, the first two factors weigh in favor of non-dismissal.

In considering the third factor, the burden is on the Plaintiffs to show that the delay is reasonable. *Id.* at ¶ 5. The Plaintiffs argued that they have diligently prosecuted the case and have no control over the Court's calendar. (Opp'n Mot.) The record shows that Plaintiffs have actively pushed the case along with discovery requests, motions, and responses. Therefore, the Court finds Plaintiffs have a reasonable excuse for the delay. The burden then switches to Defendant Brub to show that he has been prejudiced by the delay. *See Santos v. Carney*, 1997 Guam 4 at ¶ 5. Defendant Brub argues that Plaintiffs have failed to advance this matter to trial. (Mot.) However, Defendant Brub did not present any evidence contrary to what the record reflects other than the fact that the litigation has continued past eighteen months. (Mot.) Defendant Brub cited in his Reply to his Motion for Dismissal that the case has languished for thirty-four months before Defendant Brub filed for bankruptcy. Defendant Brub did not cite whether the bankruptcy was due to the litigation and, further, it was the bankruptcy that delayed the proceedings for another six months. Defendant Brub has failed to show that he suffered prejudice caused by the delay or activity on behalf of the Plaintiffs. Therefore, the third factor weighs against dismissal.

The fourth and fifth factors in the *Santos* test include the public policy favoring disposition of a case on the merits and the availability of lesser sanctions. *See Santos v. Carney*, 1997 Guam 4 ¶ 5. "Courts are encouraged to consider lesser sanctions as an alternative to granting dismissal. The law prefers that a matter be disposed of on its merits, and thus dismissal

is viewed as a "harsh penalty . . . to be imposed only in extreme circumstances." *See GHURA v. Dongbu Insurance Company. Ltd..* 2002 Guam 3 at ¶ 18 (citations omitted). In the instant case, the Court finds that the fourth and fifth factors weigh against dismissal.

Upon applying the *Santos* five factor test in assessing the appropriateness of dismissal pursuant to G.R.C.P. Rule 41(b), the Court finds that the factors weigh against dismissal.

## III.    Summary Judgment Standard

Pursuant to Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987)). The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the [pleadings], but must produce at least some significant probative evidence tending to support the [pleadings]." *Id.* at ¶ 8. (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, (1986)). "In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "The court's ultimate inquiry is to determine whether a 'specific fact' set forth by the nonmoving party, coupled with

the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (quoting *T. W. Elec. Serv.*, 809 F.2d at 631). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (citing *Anderson*, 477 U.S. at 250). This standard will guide the Court in its analysis as to whether Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. were bona fide purchasers.

## IV. Bona Fide Purchasers

Defendant Brub raised a defense for Defendant TG Engineers, P.C. and Tor Gudmundsen, P.E. against Plaintiffs arguing that Defendant TG Engineers, P.C. and Tor Gudmundsen, P.E. are bona fide purchasers. The bona fide purchaser doctrine states that a good faith real estate purchaser for value who is without actual or constructive notice of another's interest in the property purchased has the superior interest in the property. *See Taitano v. Lujan*, 2005 Guam 26 ¶ 27. The bona fide purchaser doctrine was codified to give bona fide purchasers protection against defrauded parties. *See* 21 G.C.A. § 29137, 29138, 29139. Under Guam law, there are three elements required to qualify as a bona fide purchaser; (1) purchaser acted without actual or constructive notice of another's interest in the property, (2) the purchase was made for value, and (3) the purchase was made in good faith. *See Taitano v. Lujan*, 2005 Guam 26 (citing 21 G.C.A. § 37105; *Morioka v. IMF Corp.*, Civ. No. 91-00027A, 1991 WL 255842 at 3 (D. Guam App. Div.)

Defendant Brub raised the bona fide purchaser defense in order to dismiss Plaintiffs complaint against Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. thereby dismissing the cross-complaint by Defendants TG Engineer's, P.C. and Tor Gudmundsen, P.E.'s against Defendant Brub. In using the three *Taitano* elements, the Court will look at whether there are

any genuine issues of material facts. In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in a light most favorable to the non-moving party. *See Bank of Guam v. Flores,* 2004 Guam 25 ¶ 7.

In considering element one, none of the defendants in this case presented evidence that any of the subsequent purchasers of the property at issue had no actual or constructive notice of another's interest in the property. Defendant Brub submitted an affidavit in support of its Motion to Dismiss after Plaintiffs submitted their opposition, and did not give Plaintiffs an opportunity to respond to the facts in the affidavit. In addition, the affidavit is opposite to the facts stated by Plaintiffs. The Court finds that there are genuine issues of material facts regarding this element. In considering element two, the pleadings show that the purchase was made for value (Exhibit B & C to Plaintiffs' Second Amended Complaint) but no evidence of payment for value was submitted. In considering the third and final element, the facts did not state that Defendants TG Engineers, P.C. and Tor Gudmundsen, P.E. acted in bad faith.

In review of the Complaint and written instruments attached therein as exhibits for purposes of a 41(b) motion to dismiss, and 56(c) motion for summary judgment, the Court is satisfied at this time that Defendant Brub has failed to plead with sufficient facts. Therefore, Defendant's Motion to Dismiss is **DENIED**.

///

///

///

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

Further Proceedings is set for ___9/16/14___ at ___9 h. m.___

**SO ORDERED** this ___21___ day of AUGUST, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

TORRES / GUMATAOTAO

AUG 2 1 2014 Time: 4:45 pm

Deputy Clerk, Superior Court of Guam